JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 22 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 925*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INCIDENT ON AMERICAN AIRLINES, INC., FLIGHT 1473, ON AUGUST 28, 1991*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation presently consists of five actions: two actions in the District of Puerto Rico and one action each in the District of the Virgin Islands, Eastern District of New York and Southern District of New York. Before the Panel is a motion pursuant to 28 U.S.C. §1407 by American Airlines, Inc., (American) to centralize these actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. The Puerto Rico and Virgin Islands plaintiffs oppose the motion, but, alternatively, suggest centralization in the District of Puerto Rico.

On the basis of the papers filed,[1] the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of Puerto Rico will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of an incident involving sudden loss of altitude of Flight 1473 between New York and Puerto Rico; the cause or causes of this incident; and the liability arising therefrom. Centralization under Section 1407 is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Puerto Rico is the appropriate transferee forum for this litigation. We note that the aircraft was bound for Puerto Rico; many of the passengers on Flight 1473 are Puerto Rico residents and their treating physicians and medical records are located there; and pretrial proceedings are already underway in the Puerto Rico actions.

---

* Judges Pollack and Woodward took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of Section 1407 transfer was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Puerto Rico be, and the same hereby are, transferred to the District of Puerto Rico and, with the consent of that court, assigned to the Honorable Raymond L. Acosta for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

## *SCHEDULE A*

### MDL-925 -- In re Incident on American Airlines, Inc., Flight 1473 on August 28, 1991

#### Eastern District of New York

*Beth Seitz, et al. v. American Airlines, Inc.*,
  C.A. No. 92-CIV-0115

#### District of Puerto Rico

*Juanita Guadalupe VDA DE Zambrana, a/k/a Juanita
  Zambrana, et al. v. American Airlines, Inc.*, C.A. No. 91-CIV-2236
*Francesca Vallesvega, et al. v. American Airlines, Inc.*,
  C.A. No. 91-CIV-2113

#### District of Virgin Islands

*Khaled Abdullah, et al. v. American Airlines, Inc.*,
  C.A. No. 91-CIV-0277

#### Southern District of New York

*Kimberly Carter v. American Airlines, Inc., et al.*,
  C.A. No. 91 Civ 7765

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 26 94

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 925

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INCIDENT ON AMERICAN AIRLINES, INC., FLIGHT 1473 ON AUGUST 28, 1991*

*BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, AND BAREFOOT SANDERS,* JUDGES OF THE PANEL*

## REMAND ORDER

Presently before the Panel is a motion, pursuant to Rule 14(f), R.P.J.P.M.L., 147 F.R.D. 589, 598-99 (1993), by American Airlines, Inc., defendant in the actions listed on the attached Schedule A, to vacate the Panel's orders conditionally remanding these actions to their respective transferor courts for trial.

On the basis of the papers filed and the hearing, the Panel finds that remand of these actions is appropriate. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [14(c)], R.P.J.P.M.L., [147] F.R.D. [589, 597-98 (1993)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation,* 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967,* 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation,* 433 F.Supp. 1125, 1126 (J.P.M.L. 1977). In the matter now before us, the transferee judge has advised the Panel that he believes that he has completed his task under Section 1407 as transferee judge with respect to these

---

* Judge Sanders recused himself and took no part in the decision of this matter.

actions and has suggested that remand of the actions be effected. We adopt his suggestion and order remand of these actions. Although American and the responding plaintiffs have requested that we transfer these actions to either the Southern District of New York or to the District of the Virgin Islands for a joint liability trial, we note that our jurisdiction under Section 1407 in these actions is limited to remand of each action to its respective transferor court at the conclusion of centralized pretrial proceedings. 28 U.S.C. §1407(a).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, remanded from the District of Puerto Rico to their respective transferor courts.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

**MDL-925 -- In re Incident on American Airlines, Inc., Flight 1473 on August 28, 1991**

### District of Puerto Rico

*Beth Seitz, et al. v. American Airlines, Inc.,*
   C.A. No. 3:92-1969
   (E.D. New York, C.A. No. 1:92-115)
*Jose I Sanchez v. American Airlines, Inc.,*
   C.A. No. 3:93-1485
   (S.D. New York, C.A. No. 1:92-6340)
*Victor Trinidad v. American Airlines, Inc.,*
   C.A. No. 3:93-2165
   (S.D. New York, C.A. No. 1:93-4430)
*Marc Bobkin, et al. v. American Airlines, Inc.,*
   C.A. No. 3:93-2572
   (S.D. New York, C.A. No. 1:93-5832)
*Khaled Abdullah, et al. v. American Airlines, Inc.,*
   C.A. No. 3:92-1970
   (D. Virgin Islands, C.A. No. 1:91-277)
*Audrey James, et al. v. American Airlines, Inc.,*
   C.A. No. 3:93-2164
   (D. Virgin Islands, C.A. No. 3:93-108)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -2 94

PATRICIA D. HOWARD
CLERK OF THE PANEL

**DOCKET NO. 925**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INCIDENT ON AMERICAN AIRLINES, INC., FLIGHT 1473 ON AUGUST 28, 1991*

*BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK,[*] ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, AND BAREFOOT SANDERS,[*] JUDGES OF THE PANEL*

*CORRECTION ORDER*

The Remand Order filed in the above-captioned litigation on May 16, 1994, did not note that Judge Milton Pollack had recused himself and had not taken part in the decision of this matter.

IT IS THEREFORE ORDERED that this Remand Order is hereby CORRECTED to reflect Judge Pollack's recusal.

FOR THE PANEL:

_____
John F. Nangle
Chairman

---

[*] Judges Pollack and Sanders recused themselves and took no part in the decision of this matter.


JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -4 94

PATRICIA D. HOWARD
CLERK OF THE PANEL

**DOCKET NO. 925**

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE INCIDENT ON AMERICAN AIRLINES, INC., FLIGHT 1473 ON AUGUST 28, 1991*

*BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK[*], ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, AND BAREFOOT SANDERS,[*] JUDGES OF THE PANEL*

*Beth Seitz, et al. v. American Airlines, Inc.*, D. Puerto Rico,
   C.A. No. 3:92-1969 (E.D. New York, C.A. No. 1:92-115)
*Jose I. Sanchez v. American Airlines, Inc.*, D. Puerto Rico,
   C.A. No. 3:93-1485 (S.D. New York, C.A. No. 1:92-6340)
*Victor Trinidad v. American Airlines, Inc.*, D. Puerto Rico,
   C.A. No. 3:93-2165 (S.D. New York, C.A. No. 1:93-4430)
*Marc Bobkin, et al. v. American Airlines, Inc.*, D. Puerto Rico,
   C.A. No. 3:93-2572 (S.D. New York, C.A. No. 1:93-5832)
*Khaled Abdullah, et al. v. American Airlines, Inc.*, D. Puerto Rico,
   C.A. No. 3:92-1970 (D. Virgin Islands, C.A. No. 1:91-277)
*Audrey James, et al. v. American Airlines, Inc.*, D. Puerto Rico,
   C.A. No. 3:93-2164 (D. Virgin Islands, C.A. No. 3:93-108)

### ORDER DENYING MOTION FOR RECONSIDERATION

Presently before the Panel is a motion by American Airlines, Inc. (American), defendant in the above-captioned actions, for reconsideration of the Panel's May 26, 1994 order remanding the above-captioned actions to their respective transferor courts for further proceedings. Plaintiffs in one Virgin Islands action oppose this motion.

On the basis of the papers filed,[1] the Panel finds that American has not shown that any extraordinary or changed circumstances exist which justify reconsideration of the May 1994 remand order. Although American is disappointed by the Panel's decision, we again point out that the Panel's jurisdiction in these actions is limited to a remand of each action to its respective

---

[*] Judges Pollack and Sanders recused themselves and took no part in the decision of this matter.

[1] Motions for reconsideration are considered and determined upon the basis of the papers filed. Rule 16(b), R.P.J.P.M.L., 147 F.R.D. 589, 600 (1993).

transferor court at the conclusion of centralized pretrial proceedings.[2]  28 U.S.C. §1407(a).

IT IS THEREFORE ORDERED that American's motion for reconsideration be, and the same hereby is, DENIED.

<div style="text-align:right">
FOR THE PANEL:

_____
John F. Nangle
Chairman
</div>

---

[2] Any interested party could theoretically seek, before the appropriate transferor courts, to transfer these actions to a single district under 28 U.S.C. §1404 for trial.